1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11
    EFRAIN ORNELAS CRUZ,                 1: 06 CV 0002 AWI WMW HC
12
                        Petitioner,      FINDINGS AND RECOMMENDATIONS RE
13                                        RESPONDENT'S MOTION TO DISMISS

14        v.
                                         [Doc. 14]
15
    R. STEWART,
16
                        Respondent.
17   _____/

18

19

20
          Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28
21
    U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28
22
    U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to
23
    dismiss.  Petitioner has not opposed or otherwise responded to the motion.
24
          On December 12, 2002, Petitioner was convicted in the Fresno County Superior Court of
25
    felony false imprisonment (Cal. Penal Code, § 236)2/, felony criminal threats (§ 422) with personal
26
    use of a deadly weapon (§12022(b)(1)), misdemeanor exhibiting a deadly weapon (§ 417(a)(1)), and
27
    misdemeanor child endangerment (§ 273a(b)). The court found true special allegations (§§
28

1  667(b)(1), 1170.12(a)-(d), 667(a), 667.5(b)) and sentenced Petitioner to state prison

2  for thirty-six years to life. On September 2, 2004, the California Court of Appeal affirmed the

3  judgment. On November 10, 2004, the California Supreme Court denied Petitioner's Petition for

4  Review. Petitioner did not file a habeas petition in the California Court of Appeal or in the

5  California Supreme Court.

6  **DISCUSSION**

7  Respondent moves to dismiss this petition for writ of habeas corpus on the ground that

8  Petitioner has failed to exhaust his state judicial remedies.  Petitioner has not opposed the motion.

9  A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

10  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

11  exhaustion doctrine is based on comity to the state court and gives the state court the initial

12  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

13  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,

14  1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

15  A petitioner can satisfy the exhaustion requirement by providing the highest state court with

16  a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.

17  Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

18  1996).  A federal court will find that the highest state court was given a full and fair opportunity to

19  hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

20  basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.

21  Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner

22  must have specifically told the state court that he was raising a federal constitutional claim.  Duncan,

23  513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For

24  example, if a petitioner wishes to claim that the trial court violated his due process rights "he must

25  say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A

26  general appeal to a constitutional guarantee is  insufficient to present the "substance" of such a

27  federal claim to a state court.  See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)

28  (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an

1  argument might be "self-evident."); <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63, 116 S.Ct. 1074

2  (1996) ("a claim for relief in habeas corpus must include reference to a specific federal

3  constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

4          In his original petition filed January 3, 2006, Petitioner raises three claims of ineffective

5  assistance of counsel and one claim of prosecutorial misconduct.  None of these claims have been

6  presented to the California Supreme Court and therefore, they are unexhausted.  The court must

7  dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims.  <u>Rose</u>,

8  455 U.S. at 521-22, 102 S.Ct. at 1205; <u>Calderon v. United States Dist. Court (Gordon)</u>, 107 F.3d

9  756, 760 (9th Cir. 1997) (en banc) <i>cert. denied</i>, 118 S.Ct. 265 (1997); <u>Guizar v. Estelle</u>, 843 F.2d

10  371, 372 (9th Cir.1988).

11          In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No

12  104-132, 110 Stat. 1214.  Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. §

13  2254(b)(C).  The court can also excuse exhaustion if "(I) there is an absence of available State

14  corrective process; or (ii) circumstances exist that render such a process ineffective to protect the

15  rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  In this case, Respondent has not waived

16  exhaustion.  In addition, California provides avenues for Petitioner to pursue state claims.   For

17  example, these claims could have been presented in a Petition for Writ of Habeas Corpus.  <u>See</u>, Cal.

18  Penal Code §§ 1473 - 1475.  Finally, there are not sufficient circumstances in this case for the court

19  to ignore the United States Supreme Court's admonishment that comity demands exhaustion and

20  find that California's corrective processes are ineffective to protect Petitioner's rights.

21          Petitioner's original petition for writ of habeas corpus currently before this court contains

22  only unexhausted claims, and therefore must  be dismissed. <u>See</u>, <u>Rose</u>, 455 U.S. at 521-22, 102 S.Ct.

23  at 1205; <u>Gordon</u>, 107 F.3d at 760; <u>Guizar</u> 843 F.2d at 372.

24          Petitioner's amended petition filed May 9, 2006, contains three "claims" in which he simply

25  denies having committed criminal threats, exhibiting a deadly weapon, or simple battery.  Relief by

26  way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment

27  of a state court if the custody is in violation of the Constitution or laws or treaties of the United

28  States. 28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7

(2000).  The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable."  Id. (citations omitted).   Petitioner makes no claim that the earlier adjudication of these three claims, if any, meets the above standard, and nothing supporting such a claim is apparent.  Thus, the court finds that the amended petition does not state a claim for relief pursuant to Section 2254.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss be GRANTED and that the Clerk of the Court be directed to close this case and to enter judgment for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the

1   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2

3

4   IT IS SO ORDERED.

5   **Dated:    June 8, 2007**                    _____/s/  **William M. Wunderlich**_____
                                                  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28